UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. 19-cr-10207-IT-2 |
| | * | |
| LUCSON APPOLON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

December 22, 2021

TALWANI, D.J.

Pending before the court are three motions by Lucson Appolon, all filed on December 20, 2021.

First, Appolon filed a Motion to Amend [#149] asking the court to correct the case caption in this matter from State of Massachusetts v. Lucson Appolon to Lucson Appolon v. State of Massachusetts. Neither caption is correct, however. Appolon's pending Petition for Post-Conviction Relief [#125] challenges a sentence imposed on December 5, 2019, for conspiracy to commit wire fraud. Although Appolon asserts that this sentence was imposed by a Massachusetts court, the record reflects that this was a federal conviction imposed by this court. Judgment [#72]. The Petition [#125] and subsequent filings have been properly docketed in this criminal case despite Appolon's use of a different caption. Accordingly, Appolon's Motion to Amend [#149] is DENIED. Appolon shall file any further motions in this matter using the caption United States v. Lucson Appolon, 19-cr-10207.

Second, Appolon filed a Motion for Appointment of Counsel [#147]. A district court may appoint counsel for a financially eligible person seeking habeas relief if the court determines that "the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2). The court does not find the

interests of justice so require, where Appolon's claim that he was not warned of immigration consequences before pleading guilty is not factually complex or legally intricate. Accordingly, Appolon's Motion for Appointment of Counsel [#147] is DENIED.

Third, Appolon filed a Motion to Deny the Government's Motion for Order Regarding Waiver of Privilege [#148] on grounds that he was not properly served with the motion. See Mot. for Order [#128]. The court finds no basis to conclude that the government failed to properly serve him; the more likely explanations for Appolon not receiving the mailings earlier are delays in the U.S. Mail or at the facility in Virginia where he is detained in immigration custody. That said, to the extent that Appolon seeks to dispute the government's characterization that he is asserting an ineffective assistance of counsel argument, the court grants Appolon leave to file a reply to the government's Opposition [#146] in which he may address that issue (along with the arguments set forth by the government as to why the relief requested in the Petition [#125] is not warranted). Appolon's reply shall be filed no later than January 21, 2022. The Motion to Deny the Government's Motion for Order Regarding Waiver of Privilege [#148] is otherwise DENIED.

Going forward, to avoid unwarranted speculation, the government shall include a certificate of service stating the date of service. With regard to the Opposition [#146] filed on December 16, 2021, the government shall file a supplemental certificate of service setting forth the date the Opposition [#146] was mailed to Appolon.

IT IS SO ORDERED.

December 22, 2021                                         /s/   Indira Talwani
                                                          United States District Judge